# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID WANG,<br><br>       Plaintiff,<br><br>    v.<br><br>FOOT LOCKER RETAIL, INC., a corporation, FOOT LOCKER, INC., a corporation, and DOES 1 – 10,<br><br>       Defendants. | Case No.: CV 19-07385-CJC (MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT [Dkt. 11]** |

## I. INTRODUCTION

Plaintiff David Wang asserts claims against Defendants Foot Locker Retail, Inc., and Foot Locker, Inc. under the California Fair Employment and Housing Act, alleging that Defendants failed to provide him reasonable accommodations, wrongfully terminated him, and wrongfully discriminated against him based on his disability and race. Foot

-1-

Locker Retail, Inc. removed the case to federal court over a year after Plaintiff says that entity received notice of the complaint. Neither party disputes that Foot Locker, Inc. has not been properly served. Before the Court is Plaintiff's motion to remand. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. PROCEDURAL BACKGROUND

Plaintiff filed this case in Los Angeles Superior Court on May 15, 2018 against Foot Locker, Inc. ("FLI"), and Foot Locker Retail, Inc. ("Foot Locker Retail"). (Dkt. 1-2 [Complaint, hereinafter "Compl."].) The complaint was filed as a "limited civil" case, which in California state court means that the amount in controversy is less than $25,000. (Compl. at 1); *see* Cal. Civ. Proc. Code. § 85.

On June 1, 2018, CT Corporation System ("CT")—Foot Locker Retail's agent for service of process in California (Dkt. 11-6)—was served with the summons and complaint, among other documents. (Dkts. 11-2, 11-4.) The service was meant to be on both Foot Locker Retail (Dkt. 11-2) and FLI (Dkt. 11-4). However, on June 2, 2018, CT notified Plaintiff that FLI was not listed in its records or in the records of the State of California, so it was "unable to forward." (Dkt. 11-5.) Although it appears that the summons used for Foot Locker Retail contained FLI's name (*see* Dkt. 15-1), there is no evidence that CT rejected service on behalf of Foot Locker Retail. On July 9, 2018, Plaintiff filed the proof of service of summons on Foot Locker Retail. (*See* Dkt. 11-2.)

On August 6, 2019, Plaintiff, through new counsel, filed in state court a "Motion for Reclassification of Action." (Dkt. 15-1, Ex. C.) In the reclassification motion,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 28, 2019, at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff asserted that his "damages far exceed the $25,000.00 threshold applicable to the limited jurisdiction of this Court," and that Plaintiff's former counsel, due to "neglect," "failed to file the complaint in an unlimited jurisdiction, and did not seek reclassification despite knowing that more than $25,000 was at stake." (*Id.* at 2.)

Foot Locker Retail removed on August 26, 2019. (Dkt. 1.)

### III. LEGAL STANDARD

A defendant may remove a case over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[I]f the case stated by the initial pleading is not removable," a defendant may remove within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, a case may not be removed under Section (b)(3) more than one year after the case is filed "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Accordingly, "[t]he removal statute is strictly construed against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

# IV. DISCUSSION

## A. One-Year Bar

This case falls squarely under Section (b)(3): it was not removable (even if Foot Locker Retail knew about it) until Plaintiff filed the reclassification motion. The Court is not persuaded by either party's argument that Section (b)(1)—a section to which the one-year bar does not apply—governs here.

Plaintiff argues that Section (b)(1) applies, and that this provision's 30-day deadline began to run when CT Corp. received service, because Foot Locker Retail should have known that the amount in controversy was over $75,000, even though the complaint was filed in a division of state court for amounts in controversy less than $25,000. (Mot. at 10–11.) The Court is not persuaded. Even if Foot Locker Retail became aware of this case when CT received service, it could not have known that there was over $75,000 at stake until Plaintiff filed his reclassification motion. Indeed, if Foot Locker Retail had attempted to remove the case before the reclassification motion, this Court would have remanded for failure to show that there was $75,000 in controversy.

Foot Locker Retail argues that Section (b)(1) applies, and that this provision's 30-day deadline began to run when the reclassification motion was filed, because it did not find out about this case until it received the reclassification motion. (Dkt. 15 [Foot Locker Retail's Opposition to Motion to Remand, hereinafter "Opp."] at 7.) The Court is not persuaded by this either. Foot Locker Retail's argument that it did not receive notice of the case rests on the notion that one line in the summons did not include the word "Retail," despite the fact that Foot Locker Retail appeared in the caption and it received the document from its agent for service of process, which clearly knows how to reject documents not meant for Foot Locker Retail. (*See* Opp. at 2, 6–7.) Especially since

service does not have to be technically perfect for removal deadlines to be triggered under Section 1446, and "[t]he removal statute is strictly construed against removal jurisdiction," Foot Locker Retail's argument is not a sufficient basis for finding federal jurisdiction here. *Lockyer*, 375 F.3d at 838.

B. **Bad Faith**

Congress has decided that a case may not be removed under Section (b)(3) more than one year after a case is filed "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C § 1446(c)(1); *see Markham v. Home Depot USA, Inc.*, 2014 WL 117102, at *1 (C.D. Cal. Jan. 10, 2014) ("Section 1446 therefore expresses Congress's opinion that a diversity case which has been before a state court for more than one year should stay there.")

The Ninth Circuit has not addressed the standard necessary to find "bad faith" under section 1446. Lower courts have concluded this requirement "sets a high threshold." *NKD Diversified Elecs., Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (N.D. Cal. Apr. 28, 2014); *Hamilton San Diego Apartments, LP v. RBC Capital Mkts., LLC*, 2014 WL 7175598, at *3 (S.D. Cal. Dec. 11, 2014). By statute, bad faith includes "deliberately fail[ing] to disclose the actual amount in controversy to prevent removal." *Id.* § 1446(c)(3)(B). And in a different context, the Ninth Circuit has said that "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). A party may also demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Primus*, 115 F.3d at 649 (quoting *Hutto v. Finney*, 437

U.S. 678, 689 n.14 (1978)). The common thread of this authority appears to be that bad faith requires some level of intent to manipulate, or at least reckless behavior.

Foot Locker Retail argues that there are "multiple examples of apparent bad faith" here: that Plaintiff did not properly serve either Defendant, that Plaintiff failed to serve the reclassification motion after the one year deadline passed, and that Plaintiff has failed to prosecute the case. (Opp. at 8–9.) The Court is not persuaded that these examples rise to the level of bad faith.

First, even if Foot Locker Retail was not properly served, there is every indication that Plaintiff tried to serve that entity. Indeed, Foot Locker Retail's agent for service of process did not reject Plaintiff's attempt to serve that entity, despite the asserted deficiencies to which Foot Locker Retail points in the summons. Second, there is not enough evidence for the Court to conclude that Plaintiff's failure to file the reclassification motion and failure to prosecute the case reflect anything more than ineptitude. In short, there is nothing in the record that makes the Court believe Plaintiff took any of these actions intentionally, or even recklessly, to prevent removal.

The Court has sympathy for Foot Locker Retail's position. In the Court's view, Foot Locker Retail did not find out the case was removable until after the one-year deadline had passed. In situations like this, where there has not been much activity in state court, the one-year deadline may seem unjust. (*See* Opp. at 9.) But those are the rules for removal that Congress enacted.

//
//
//
//

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.

DATED:     October 21, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE